|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 4/27/2020 |

UNITED STATES OF AMERICA,

v.

GIORGI BULEISHVILI,

                Defendant.

No. 14-Cr-773 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      On January 31, 2017, Defendant Giorgi Buleishvili pled guilty to conspiracy to commit mail fraud, wire fraud, and health care fraud under 18 U.S.C. § 1349. Dkt. 310. On July 6, 2017, the Court sentenced him to 34-months imprisonment and a three-year supervised release term. Dkt. 383. Mr. Buleishvili did not file a notice of appeal. On April 22, 2020, Mr. Buleishvili filed the present motion requesting leave to file a late notice of appeal.[1] Dkt. 458.

      Federal Rule of Appellate Procedure 4 provides that, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . [t]he entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1). "The untimely filing of a notice of appeal is a jurisdictional defect that necessitates dismissal of the appeal without reaching its merits." *United States v. Batista*, 22 F.3d 492, 493 (2d Cir. 1994) (per curiam). Although a court may "extend the [defendant's] time to file a notice of appeal . . . [u]pon finding excusable neglect or good cause," it may only do so "for a period

---

[1] This motion was docketed on April 22, 2020 and thus brought to the Court's attention at that time. However, the first page of the motion, entitled "Notice of Motion for Leave to File Late Notice of Appeal," is dated February 26, 2020. *See* Dkt. 458.

not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4).

Mr. Buleishvili acknowledges that he is requesting permission to file a "late notice of appeal." Dkt. 458. The judgment in Mr. Buleishvili's case was entered nearly three years ago on July 6, 2017. *See* Dkt. 383. Thus, the time prescribed for him to file a notice of appeal has long passed. This Court's authority under Rule 4(b)(4) to grant an extension of time is limited, such that it cannot grant this request nearly three years after the deadline has passed.

Nevertheless, the Court's inquiry does not end there. Mr. Buleishvili contends that he failed to file a timely notice of appeal because his "former counsel never told [him] that [he] could appeal [his] criminal conviction." Dkt. 458. Moreover, once he learned that he could appeal, his lawyer told him it was "too late" to do so and subsequently refused to answer his call. *Id*. When reviewing similar requests to file a late notice of appeal based on alleged ineffective assistance of counsel, some courts in this circuit have recharacterized those requests as petitions for habeas corpus pursuant to 28 U.S.C. § 2255. *See United States v. Kinyua*, No. 02-cr-173 (DLC), 2002 WL 31357700, at *2 (S.D.N.Y. Oct. 17, 2002); *see also United States v. Wright*, 945 F.3d 677, 686-87 (2d Cir. 2019) (remanding the case to the district court to give the defendant the opportunity to convert his claim to a habeas motion).

In order for the Court to proceed with the understanding that Mr. Buleishvili's claim is now brought under § 2255, Mr. Buleishvili must consent to this. The Anti-Terrorism and Effective Death Penalty Act "severely limits a petitioner's ability to bring second or successive petitions for habeas corpus." *Kinyua*, 2002 WL 31357700, at *2; *see also* 28 U.S.C. § 2255(h). Consequently, proceeding without Mr. Buleishvili's consent, while it may be "initially justified because it harmlessly assisted the prisoner-movant in dealing with legal

2

technicalities, may result in disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated." *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998).

Accordingly, no later than **May 15, 2020**, Mr. Buleishvili shall inform the Court whether he consents to the recharacterization of his claim as a § 2255 motion.[2]  If Mr. Buleishvili consents, he has until **June 1, 2020** to supplement his claim.  Any Government opposition is due **July 15, 2020**.  Should Mr. Buleishvili not consent to the recharacterization of his claim as a petition for habeas corpus pursuant to § 2255, the Court will deny his request to file a late notice of appeal for the reasons stated above.

SO ORDERED.

Dated:   April 27, 2020
         New York, New York

Ronnie Abrams
United States District Judge

---

[2] Mr. Buleishvili is advised that "a 1-year period of limitation" generally applies to § 2255 motions.  *See* 28 U.S.C. § 2255(f).

3